Gordon B. Stull Pratt County Counselor 1320 E. First Street P.O. Box 345 Pratt, Kansas 67124
Dear Mr. Stull:
You request our opinion concerning the detainment in jail of juvenile offenders and minors who commit traffic offenses. Specifically, your questions are as follows:
1. May a juvenile offender who resides in a juvenile facility and who turns eighteen be placed in jail to serve the rest of his or her juvenile disposition?
2. May a person who is seventeen years old but who turns eighteen before being sentenced for a traffic offense serve his or her sentence in jail?
3. May a juvenile offender, between the ages of eighteen and twenty who commits a traffic offense be incarcerated in jail for the traffic offense violation?
We will respond to your questions in the order requested.
1. May a juvenile offender who resides in a juvenile facility andwho turns eighteen be placed in jail to serve the rest of his orher disposition?
Prosecution of juveniles is subject to the juvenile offender code except where the juvenile is being prosecuted as an adult pursuant to K.S.A. 38-1636 or where the juvenile is charged with aggravated juvenile delinquency pursuant to K.S.A. 1993 Supp. 21-3611. K.S.A. 38-1604(a) and (b). Once jurisdiction is acquired by the district court under the juvenile offenders code, it continues until the juvenile turns twenty-one or has been discharged by the court or has completed the youth center program. K.S.A. 38-1604(c). The options which the court has regarding disposition for juvenile offenders is limited to those listed at K.S.A.38-1663. Those alternatives include placing the juvenile offender on probation or in the custody of a parent, placing him or her in the custody of a youth residential facility or in the custody of the secretary of SRS. None of those dispositions include placing the juvenile offender in jail once he or she turns eighteen. Consequently, it is our opinion that a court has no authority to require that a juvenile offender who turns eighteen while residing in a juvenile detention facility serve the rest of the juvenile disposition in jail.
2. May a person who is seventeen years old but who turns eighteen beforebeing sentenced for a traffic offense serve his or her sentence in jail?
K.S.A. 38-1602(b)(1) excludes from the definition of "juvenile offender" a person fourteen or older who has committed a "traffic offense" as defined at K.S.A. 1993 Supp. 8-2117(d). K.S.A. 1993 Supp.8-2117 prohibits incarceration for traffic offenses of persons less than eighteen years of age. However, there is no such prohibition if the person is eighteen. Therefore, it is our opinion that a person who is eighteen when sentenced for a traffic offense [as defined at K.S.A. 1993 Supp. 8-2117(d)] may be placed in jail.
3. May a juvenile offender, between the ages of eighteen and twenty, whocommits a traffic offense, be incarcerated in jail for the trafficoffense violation?
As stated above, any person over the age of fourteen, including a juvenile offender, who commits a "traffic offense" is not a "juvenile offender" for purposes of treatment and disposition under the juvenile offenders code nor is that person a "juvenile" for purposes of the jail prohibition. Therefore, it is our opinion that any person over the age of 18 is an adult for purposes of prosecution under the traffic code and may be placed in jail to serve his or her sentence on the traffic offense. Once that sentence is completed, the juvenile offender may be returned to the juvenile detention facility to serve the remainder of the juvenile disposition.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm